**In the Matter of Randall L. CABLE.**

**No. 49S00–9708–DI–454.**

Supreme Court of Indiana.

Sept. 2, 1999.

Randall L. Cable, pro se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

The respondent, Randall L. Cable, accepted $2,000 to appeal a case but never filed the appeal and did not respond to the client's requests for information or for return of the client's fee. For this professional misconduct, he will be suspended from the practice of law for thirty days.

We note, as a preliminary matter, that the respondent is subject to the disciplinary authority of this Court by virtue of his admission to the Indiana bar in October 1974.

This disciplinary proceeding began with the filing of a *Verified Complaint for Disciplinary Action* by the Supreme Court Disciplinary Commission on August 21, 1997, pursuant to Ind.Admission and Discipline Rule 23(12). This Court appointed a hearing officer pursuant to Admis.Disc.R. 23(11)(b). After an evidentiary hearing on March 6, 1998, the hearing officer determined the respondent engaged in the charged misconduct and submitted to this Court findings of fact and conclusions of law and a recommendation for sanction. Where, as here, the hearing officer's findings and recommendation are not challenged, we accept and adopt the findings but reserve final judgment as to misconduct and sanction. *Matter of Grimm,* 674 N.E.2d 551 (Ind.1996).

The hearing officer's findings establish that the respondent's client was convicted of drunk driving in March 23, 1994. On December 30, 1994, after the deadlines for filing an appeal of that conviction had expired, the client paid the respondent $2,000 to appeal his conviction. For more than two years afterward, the client attempted to contact the respondent at least once monthly to determine the status of his appeal. The client was only twice successful in contacting the respondent. Each time, the respondent explained that he was involved in a murder trial but would check the status of the appeal.

The respondent never filed the client's appeal. The respondent also declined to return the client's $2,000 until after the client filed suit against the respondent and filed a grievance with the Commission in 1997. During the Commission's investigation, the respondent failed to respond in writing to the Commission as required by Admis.Disc.R.23(10)(a)(2). He also failed to respond to several additional requests for information made by Commission staff.

By failing to file the appeal, the respondent ignored his client's decisions regarding the objective of the representation and thereby violated Ind.Professional Conduct Rule 1.2(a).[1] He violated Prof.Cond.R. 1.3 by fail-

---

1. Prof.Cond.R. 1.2(a) provides in relevant part:

 A lawyer shall abide by a client's decisions concerning the objectives of representation, sub-

ing to act with reasonable diligence and promptness in pursuing the client's appeal.[2] By failing to inform the client that the respondent was too busy to handle the client's appeal, the respondent neglected explaining a matter to the extent reasonably necessary to permit his client to make informed decisions regarding the representation. In doing, the respondent violated Prof.Cond.R. 1.4(b).[3] Finally, the respondent violated Prof.Cond.R. 8.1(b) by failing to respond to the Commission's lawful demand for information.[4]

■ We must now consider a sanction in light of our finding of misconduct. We note that this is not the respondent's first disciplinary violation. In 1994, this Court privately reprimanded the respondent. As a mitigating factor, we note that the hearing officer concluded in his report to this Court that this case involves negligence rather than intentional harm to his client's interest, and, because of that finding, recommended only a thirty-day suspension. Specifically, the respondent argued at hearing that his failure to adequately research his client's appellate options or timely take action to perfect the appeal was due to his office relocation and a lack of adequate secretarial support. The hearing officer concluded that the respondent's misconduct was due not to a conscious desire to allow the matter to languish but rather due to negligence attributable to poor office management. These circumstances tend to mitigate the severity of the respondent's misconduct, although they do not, of course, excuse it. The hearing officer's findings convince us that at least some of the respondent's acts were more the product of negligence than a more serious degree of scienter and thus persuade us to impose a lesser sanction than we might otherwise impose for the misconduct at issue. Nevertheless, despite the mitigating circumstances,

the respondent's actions demonstrate gross inattention to the interest and welfare of his client and to professional standards of conduct. Regardless of the cause, the fact remains that the respondent failed to pursue his client's appeal or even to inform the client of that omission for more than two years, despite the client's regular attempts to contact the respondent. Although the respondent performed no work for the client, he kept the $2,000 paid by the client for more than two years after receiving it. Only after the client filed both a lawsuit to recover the money and brought the respondent's professional misconduct to the attention of the Commission did the respondent return the unearned fee. For this, we conclude that a period of suspension is warranted.

Accordingly, we order that the respondent be suspended from the practice of law for a period of thirty (30) days, beginning October 8, 1999, at the conclusion of which he will be automatically reinstated upon a showing of compliance with the conditions of Ind. Admission and Discipline Rule 23(4)(c).

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.

---

ject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. . . .

2. Prof.Cond.R. 1.3 provides: A lawyer shall act with reasonable diligence and promptness in representing a client.

3. Prof.Cond.R. 1.4(b) provides: A lawyer shall explain a matter to the extent reasonably neces-

sary to permit the client to make informed decisions regarding the representation.

4. Prof.Cond.R. 8.1 provides in relevant part: [A] lawyer in connection with . . . a disciplinary matter, shall not fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.